UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW MCCORD                                        CIVIL ACTION

VERSUS                                               NO: 11-522

FAB-CON, INC., ET AL.                                SECTION: J(5)

### ORDER AND REASONS

Before the Court are Defendant Fab-Con, Inc. ("Fab-Con")'s Motion for Summary Judgment **(Rec. Doc. 54)**, Plaintiff Andrew McCord's Memorandum in Opposition to same **(Rec. Doc. 59)**, and Fab-Con's Reply Memorandum in Support of its Motion **(Rec. Doc. 67)**. For the reasons expressed more fully below, the Court hereby **GRANTS** Fab-Con's motion.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Although the parties dispute some facts in this matter, the undisputed facts are as follows: Fab-Con is a company whose principal business is supplying marine construction and fabrication services and contracted skilled labor to companies operating in the offshore oil and gas industry. On June 19, 2003, Plaintiff, Andrew McCord, began working for Fab-Con as a welder's helper and rigger aboard offshore oil platforms. Several years later, in September 2008, Fab-Con promoted Plaintiff to the position of welder and subsequently assigned him to work at a fixed offshore platform operated by Apache Corporation ("Apache"). Pursuant to its service agreement with

1

Fab-Con, Apache contracted a crew boat company, C&M Contractors, Inc., d/b/a C&M Boat Rentals ("C&M"), to transport a team of Fab-Con's employees, including Plaintiff, from Fab-Con's dock in Venice, Louisiana to the Apache platform, where they performed their assigned tasks.

On December 28, 2009, during one such transport mission, Plaintiff allegedly tripped over a line that had been left out by one of the crew boat's crew members, causing him to fall and injure himself.  On March 14, 2011, Plaintiff filed a Seaman's Complaint against both Fab-Con and C&M, asserting claims for maintenance and cure, for damages due to Fab-Con's negligence under the Jones Act, 46 U.S.C. § 688, and for damages caused by the crew boat's alleged unseaworthiness.  On December 28, 2011, C&M moved for summary judgment, arguing that there was no evidence that it owned or operated the vessel on which Plaintiff's accident was alleged to have occurred.[1]  The Court agreed and granted C&M's motion on January 17, 2012.[2]  Plaintiff then sought leave to amend his complaint to name Abe's Boat Rentals as a defendant in this matter, alleging it was the entity that owned and/or operated the crew boat on which his accident

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 28.

occurred.[3] On July 3, 2012, Fab-Con filed the instant motion for summary judgment, arguing that it is entitled to summary judgment on Plaintiff's claims for maintenance and cure and under the Jones Act because Plaintiff is not a seaman as a matter of law, and on Plaintiff's unseaworthiness claims because there is no evidence that it owned, operated, or controlled the vessel on which his accident allegedly occurred.[4]

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co., 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory

---

[3] Rec. Doc. 32. The Court subsequently granted Plaintiff's motion for leave on January 27, 2012. Rec. Doc. 35.

[4] Rec. Doc. 54.

allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." <u>Delta</u>, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" <u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." <u>Id.</u> at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See <u>Celotex</u>, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See <u>id.</u> at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. <u>See,</u>

e.g., id. at 325; Little, 37 F.3d at 1075.

**DISCUSSION**

The Jones Act provides that any seaman injured in the course of his employment may maintain a civil action against his employer, with the right to trial by jury. 46 U.S.C. § 30104. Only a seaman may bring a claim under the Jones Act. Becker v. Tidewater, Inc., et al., 335 F.3d 376, 386 (5th Cir. 2003). Because Plaintiff bears the burden of proof on the question of seaman status, the principal issue raised by the instant motion is whether Plaintiff has introduced evidence sufficient to create a genuine issue of material fact as to whether he is a seaman under the Jones Act.

Congress elected not to define the term "seaman" when it enacted the Jones Act in 1920. As a result, the courts were relegated the difficult task of defining the class of maritime workers entitled to the special protections of the Jones Act. In Chandris v. Latsis, 515 U.S. 347 (1995), the United States Supreme Court articulated a two-pronged test to aid in this determination. In order to qualify for seaman status under Chandris, a plaintiff must show (1) that his duties "contribute[d] to the function of the vessel or to the accomplishment of its mission;" and (2) that he has "a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and nature." Id. at 376.

5

The determination of seaman status under the Jones Act is a mixed question of fact and law. It is usually inappropriate to take this question from the jury. Id. at 386. Nonetheless, where the facts and law "will reasonably support only one conclusion," summary judgment on this issue is proper. Harbor Tug & Barge Co. v. Papai, 520 U.S. 548, 554 (1997) (quoting McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 356 (1991)). If reasonable minds could reach differing conclusions on whether the employee was "a member of a crew," however, the question must be left to the jury. Roberts v. Cardinal Servs, Inc., 266 F.3d 368, 373 (5th Cir. 2001) (quoting Wilander, 498 U.S. At 356).

**A. The Chandris Test**

As previously noted, under the first Chandris prong, the Plaintiff must show that his job duties "contribute to the function of the vessel or to the accomplishment of its mission." Chandris, 515 U.S. at 376. This threshold requirement is generally "very broad," encompassing "all who work at sea in the service of a ship." Id. at 368. It is unnecessary that the plaintiff actually aid in the navigation or transportation functions of the vessel. Wilander, 498 U.S. at 346.

Under the second Chandris prong, a plaintiff must show that he has "a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and nature." Chandris, 515 U.S. at 376. This test is

conjunctive, requiring the employee's connection to a vessel to be "substantial in both respects." Id. at 370-71. The purpose of the second Chandris prong is "to separate the sea-based maritime employees who are entitled to Jones Act protection from . . . workers who have only a transitory or sporadic connection to a vessel in navigation." Id. at 368. Ultimately, what matters for the purposes of seaman status is "the nature of the seaman's service, his status as a member of the vessel, and his relationship as such to the vessel and its operation in navigable waters." Id. at 359-60 (quoting Swanson v. Marra Brothers, Inc., 328 U.S. 1, 4 (1946). Thus, courts must examine the "total circumstances of an individual's employment" in order to determine "whether the worker in question is a member of the vessel's crew or simply a land-based employee who happens to be working on the vessel at a given time." Id. at 369.

Additionally, with respect to the durational component of the second Chandris prong, the Fifth Circuit has established an "appropriate rule of thumb" for determining whether an employee possesses the required substantial connection to a vessel in navigation. Ordinarily, if a worker spends less than thirty percent of his time in service of a vessel, he will not qualify for seaman status. See Becker, 335 F.3d at 388-89. The same rule applies in cases involving an identifiable fleet of vessels, as opposed to an individual vessel. See Roberts, 266 F.3d at 377

7

(explaining that "when a group of vessels is at issue, a worker who aspires to seaman status must show that at least 30 percent of his time was spent on vessels, every one of which was under his defendant-employer's common ownership or control.").

**B. Application of the First <u>Chandris</u> Prong**

Broad as the first <u>Chandris</u> prong may be, Fab-Con argues that it is not satisfied in the instant case because Plaintiff performed essentially no duties in the service of any vessel. Instead, Fab-Con claims that the undisputed evidence shows that Plaintiff's sole duties were to perform welding operations on fixed platforms in the Gulf. While Plaintiff may have occasionally ridden aboard crew boats as a passenger, Fab-Con argues that he performed no duties aboard these vessels and only watched television or slept while being transported to the platforms on which he performed his work. Under these facts, Fab-Con contends that no reasonable jury could find that Plaintiff has satisfied the first prong of the <u>Chandris</u> test. In response, Plaintiff argues that he fulfills the first <u>Chandris</u> prong because he was originally "hired to work on a variety of installations," including vessels, and that the nature of his work as a welder and a welder's helper contributed to the mission of the vessels to which he has been assigned.[5]

In support of its motion, Fab-Con cites <u>Hufnagel v. Omega Serv. Indus.</u>, 182 F.3d 340 (5th Cir. 1999), arguing that the facts

---

[5] Plaintiff's Memorandum in Opposition, Rec. Doc. 59, p. 3.

of that case are directly analogous to those presented here. In Hufnagel, the plaintiff was a rigger who had been assigned to repair the pilings of an oil platform in the Gulf. Id. at 344. The platform owner had contracted a jack-up vessel called the AMBERJACK to provide temporary work space and sleeping quarters for the plaintiff and his coworkers. Id. at 344-45. Although the plaintiff claimed to have spent a majority of his working hours aboard the AMBERJACK, the Fifth Circuit held that he did not satisfy the first prong of the Chandris test because none of his duties as a platform worker contributed to the function or accomplishment of the mission of the vessel. Id. at 347. As the court explained,

> Hufnagel's duties involved platform work, and were not related to the navigation, maintenance, or voyage of the AMBERJACK. Hufnagel's sole purpose for being present on the platform or the AMBERJACK related to the repair of the platform . . . The facts that Hufnagel ate, slept, and spent time on the AMBERJACK do not make him a crew member. Nor does the fact that Hufnagel may have performed minor duties aboard the AMBERJACK transform his position as a platform worker into that of a seaman.

Id.; see also Lormand v. The Superior Oil Co., 845 F.2d 536, 540 (5th Cir. 1987) (holding that an employee who spent the majority of his working hours aboard various platforms was not a seaman as a matter of law); Barrett v. Chevron U.S.A., Inc., 781 F.2d 1067, 1076 (5th Cir. 1986) (same).

Here, much like the plaintiff rigger in Hufnagel, the evidence in this case shows that essentially all of Plaintiff's employment

duties were related to the servicing of fixed platforms and did not involve work on or in the service of any vessel. As Fab-Con points out, Plaintiff admitted during his deposition that "during the entire period" he was employed by Fab-Con, "almost 100 percent" of his work was performed "on platforms or stationary objects on the bank."[6] The only other evidence regarding the time Plaintiff spent on vessels shows that he was transported to and from the oil platforms to which he was assigned on various crew boats, which is insufficient in and of itself to satisfy the Chandris test. See Stanley v. Guy Scroggins Constr. Co., 297 F.2d 374, 377 (5th Cir. 1961) (explaining that an individual who "merely receives transportation" on vessels is not a seaman); Borne v. Vintage Petroleum, Inc., 949 F. Supp. 492, 493-94 (S.D. Tex. 1996) ("The record shows that Plaintiff often took a vessel out to wells or platforms to perform his job duties. The fact that he used a boat to get to job sites does not qualify him as being assigned to a vessel or a fleet of vessels. The boats Plaintiff used were merely a means of transportation, a 'nautical motor pool,' to the sites where he performed his true job duties.") (quoting Munquia v. Chevron, Co., U.S.A., 768 F.2d 649, 653 (5th Cir. 1985)). Nothing

---

[6] Rec. Doc. 54-3, p. 9. Fixed platforms are "legally man-made islands" and are not considered vessels for purposes of the Jones Act. Hufnagel, 182 F.3d at 347 n.1. Furthermore, that Plaintiff may have performed "minor duties" aboard a vessel at some point over the course of his employment is insufficient to "transform his position as a platform worker into that of a seaman." Id. at 347.

in the record indicates that Plaintiff performed any work on these vessels during the trips to his various work sites. In fact, Plaintiff testified in his deposition that he "never . . . did work on the boat[s]" and mainly slept or watched television while the vessels were underway.[7]

Furthermore, although Plaintiff's opposition memorandum asserts that he has, in fact, performed a substantial amount of work on vessels during his employment with Fab-Con, an unsworn and unsubstantiated statement made in an opposition memorandum is clearly not competent summary judgment evidence. See Larry v. White, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, *memoranda* or the like are not, of course, competent summary judgment evidence.") (emphasis added). Plaintiff has failed to attach or even reference any other competent summary judgment evidence showing that he performed work that contributed to the function of a vessel or the accomplishment of its mission, and as a result, the threshold requirement for seaman status is not met.[8]

---

[7] Rec. Doc. 54-3, pp. 10-13; 16.

[8] Even assuming that such evidence exists somewhere in the record, the Fifth Circuit has explained that Rule 56 does not obligate a district court to comb the record in search of evidence to support a party's opposition to a motion for summary judgment. See Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."); Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of

11

Because the Court finds that the undisputed facts in the record show that Plaintiff cannot satisfy the first Chandris prong, Fab-Con is entitled to summary judgment on the issue of seaman status.

**B. Plaintiff's Remaining Claims:**

Only a seaman is entitled to the benefits of maintenance and cure. Hall v. Diamond M Co., 732 F.2d 1246, 1248 (5th Cir. 1984) (per curiam). Because Plaintiff has failed to carry the burden of proving that he is a Jones Act seaman, he no longer has a legally viable claim for maintenance and cure. See George v. Cal-Dive Intern., Inc., No. 09-5472, 2010 WL 2696876, at *7 (E.D. La. July 1, 2010) (dismissing plaintiff's claims for maintenance and cure after granting summary judgment on seaman status in favor of employer). Additionally, because there are neither allegations nor facts in the record to suggest that Fab-Con owns, operates, or controls the vessel upon which the accident allegedly occurred, it is entitled to summary judgment on Plaintiff's unseaworthiness

---

evidence to support a party's opposition to summary judgment."). Instead, the party opposing a motion for summary judgment must "identify specific evidence in the record" and "articulate the 'precise manner' in which that evidence supports his or her claim." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992)). Here, Plaintiff's four-page opposition memorandum is bereft of even a single citation to the summary judgment record in this case, and thus, there is no evidence properly before the Court that would preclude summary judgment on whether Plaintiff satisfies the first Chandris prong. Furthermore, although the Court need not reach the issue, Plaintiff's complete failure to introduce or even reference any evidence to substantiate his assertions would be fatal to his Jones Act claim under the second Chandris prong, as well.

claim, as well.[9]  See id. (granting summary judgment in favor of defendant who did not own, operate, or control the vessel on which plaintiff was injured); Olsen v. E.H. Wachs, Inc., No. 07-8354, 2009 WL 152512, at *5 (E.D. La. Jan. 22, 2009) ("The appropriate defendant in an unseaworthiness claim is the person who had operational control of the ship at the time the condition was created or the accident occurred.") (quoting THOMAS SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 6-25); Fla. Fuels, Inc. v. Citgo Petroleum Corp., 6 F.3d 330, 332 (5th Cir. 1993) ("It is well-settled . . . that the doctrine of 'seaworthiness' is not applicable to [an individual] who does not occupy the position of owner or operator of the vessel.").

## CONCLUSION

Accordingly, for the reasons expressed above, **IT IS ORDERED** that Fab-Con's Motion for Summary Judgment **(Rec. Doc. 54)** is **GRANTED**, dismissing each of Plaintiff's claims as to Fab-Con with prejudice, and at Plaintiff's cost.

New Orleans, Louisiana this 21st day of August, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT

---

[9] The Court's Order need not and does not address the viability of any claims Plaintiff may have against Defendant Abe's Boat Rentals, however.

13