UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW MCCORD                                            CIVIL ACTION

VERSUS                                                   NO: 11-522

FAB-CON, INC., ET AL.                                    SECTION: "J" (5)

### ORDER AND REASONS

Before the Court are a Motion in Limine to Exclude Report and Testimony of Plaintiff's Proposed Marine Safety Expert, David Cole **(Rec. Doc. 94)**, a Motion in Limine to Exclude Report and Testimony of Plaintiff's Proposed Expert Economist, Dr. Randolph Rice **(Rec. Doc. 95)**, and a Motion in Limine to Exclude the Report and Testimony of Plaintiff's Proposed Vocational Rehabilitation Expert, Thomas Meunier **(Rec. Doc. 96)**, filed by Defendant, Abe's Boat Rentals, Inc. ("Abe's Boat Rentals"). Plaintiff has opposed all three motions, (Rec. Docs. 103, 101, 102), and Defendant has replied. (Rec. Docs. 111, 113, 112) Defendant's motions were set for hearing, on the briefs, on Wednesday, July 3, 2013 at 9:30 a.m. Having considered the motions, the memoranda, the record, and the applicable law, the Court finds, for reasons expressed more

thoroughly below, that Defendant's Motion to Exclude the Report and Testimony of Plaintiff's Proposed Marine Safety Expert, David Cole **(Rec. Doc. 94)** should be **GRANTED**, that Defendant's Motion to Exclude the Report and Testimony of Plaintiff's Proposed Expert Economist, Dr. Randolph Rice **(Rec. Doc. 95)** should be **DENIED**, and that Defendant's Motion to Exclude the Report and Testimony of Plaintiff's Proposed Vocational Rehabilitation Expert, Thomas Meunier **(Rec. Doc. 96)** should be **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

In this maritime personal injury case, Plaintiff, Andrew McCord, alleges that, at the time of his injury, he was employed by Fab-Con, Inc. as a welder. Plaintiff further alleges that on December 28, 2009, while being transported by the *M/V MISS LYNDA*, a crew boat allegedly owned or operated by Defendant, he tripped on a two inch line on the vessel's deck and sustained injuries. Plaintiff asserts an unseaworthiness claim against Defendant and seeks damages for, among other things, lost earnings and impairment of his earning capacity.

## DISCUSSION

Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact

2

>   to understand the evidence or to determine a fact
>   in issue;
>
>   (b) the testimony is based on sufficient facts or
>   data;
>
>   (c) the testimony is the product of reliable
>   principles and methods; and
>
>   (d) the expert has reliably applied the principles
>   and methods to the facts of the case.

Fed. R. Evid. 702.

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993), the Supreme Court interpreted Rule 702 as requiring the trial judge to ensure that an expert's testimony is both reliable and relevant to the case at hand. Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999), superseded by rule on other grounds, (citing Daubert, 509 U.S. at 590-93) (The purpose of Daubert is "to ensure that only reliable and relevant expert testimony is presented to the jury.") Daubert's gatekeeping function applies not only to "scientific" testimony, but to all expert testimony. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 146-48 (1999). "Most of the safeguards provided for in Daubert are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000).

   **A. Motion in Limine to Exclude the Report and Anticipated Testimony of David Cole, Plaintiff's Proposed Marine Safety Expert**

Defendant argues that the Court should exclude the report and anticipated testimony of Plaintiff's proffered marine safety expert

3

on the grounds that his opinions offer no specialized knowledge or assistance to the trier of fact. In his report, Mr. Cole opines that there was no safe access to the *M/V MISS LYNDA*, that a gangway should have been provided, and that inadequate lighting in the boarding area, lack of supervision by the vessel's crew, and failure to coil the line at issue were additional causes of Plaintiff's accident.

The question before the Court is whether Mr. Cole's testimony as a marine safety expert would assist the Court, as the trier of fact, to understand the evidence or determine a fact issue. The Fifth Circuit has recognized that a district court may properly exclude expert testimony if the subject matter that the proposed expert plans to discuss and the opinions he plans to express to the fact-finder are matters that a fact-finder can deal with competently based on common sense and knowledge of the world. Peters v. Five Star Marine, 898 F.2d 448, 450 (5th Cir. 1990). Given that Plaintiff alleges that he suffered injuries after he tripped over a mooring line on a vessel, the Court is capable of evaluating this situation based on its common knowledge and experience. Since the Court finds that Mr. Cole's report and testimony will not assist the fact-finder in understanding the evidence or determining a fact in issue, as required by Rule 702 of the Federal Rules of Evidence, they will be excluded. Terrell v. Rowan Drilling Co., No. 08-4090, 2010 WL 1408273, at *1(E.D. La. Apr. 1, 2010) (excluding expert report and testimony that would not

4

assist the Court, as trier of fact, "to understand the evidence or to determine any of the facts at issue" in the matter).

In his opposition memorandum, counsel for Plaintiff argues that if his marine safety expert is excluded under Rule 702, the Court should also strike Defendant's expert, Captain Timmy Anselmi, because Defendant plans to use him to offer testimony on the same issues. In its reply, Defendant does not dispute that it plans to use Captain Anselmi to offer testimony on the same issues. Instead, Defendant argues that the admissibility of Captain Anselmi's report and testimony is not properly before the Court, because Plaintiff failed to file a timely motion in limine to exclude Captain Anselmi's report and testimony. The Court may rule on this evidentiary issue sua sponte. See Notch v. Aerospatiale, No. 99-709, 2003 WL 21356790, at * 2 (N.D. Tex. June 9, 2003). Both marine safety or liability experts will be precluded from testifying at trial.

**B. Motions in Limine to Exclude the Reports and Anticipated Testimony of Dr. Randolph Rice, Plaintiff's Proposed Expert Economist, and Mr. Thomas Meunier, Plaintiff's Proposed Vocational Rehabilitation Expert**

Defendant argues that the Court should exclude the report and anticipated testimony of Dr. Rice, Plaintiff's proposed expert economist, on the grounds that his report and opinions on the amount of Plaintiff's lost wages are unreliable. Specifically, Defendants argue that Dr. Rice's opinions should be excluded because they are based on inaccurate and unreliable factual

5

information and data, in particular, an inaccurate wage base that conflicts with Plaintiff's deposition testimony. In his December 17, 2012 and May 15, 2013 reports, Dr. Rice makes calculations based on annual wage base of $82,680.00. In his May 15, 2013 "addendum" report, he sets forth lost wage calculations based on an annual wage rate of $55,271.43. Defendant points out that even though Plaintiff confirmed in his April 29, 2013 deposition that he never made $80,000.00 per year and stated that the most money he ever made in a year is $50,000.00-$60,000.00, Dr. Rice never retracted the erroneous wage loss calculations and reproduced them in his May 15, 2013 report. Defendant also points out that both reports identify only Plaintiff's counsel as the source of the wage base without identifying any other documents, data, or information, such as Plaintiff's earnings records, IRS records, or Social Security Earning records, that Dr. Rice relied upon in reaching his conclusions. Defendant contends that Dr. Rice's report and testimony should be excluded, because Dr. Rice's failure to identify any documents or evidence, other than a letter from counsel, on which he relies in formulating his opinions, coupled with Plaintiff's testimony, renders them unreliable and speculative in contravention of Rule 702 of the Federal Rules of Evidence and <u>Daubert</u>.

    Similarly, Defendant argues that the report and anticipated trial testimony of Mr. Meunier, Plaintiff's proposed vocational rehabilitation expert, should be excluded on the ground that they

are based on inaccurate and unreliable information, specifically academic skill test scores that Mr. Meunier concedes are "probably underestimates of [Plaintiff's] actual functional ability."

This is a bench trial, and generally, "questions relating to the basis and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its admissibility." United States v. 14.38 Acres of Land, More or Less Situated in Leflore County, Miss., 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting Viterbo v. Dow Chem. Co., 826 F.2d 420, 422 (5th Cir. 1987)). It is the role of the adversarial system, not the court, to highlight weak evidence. Primrose Operating Co. v. Nat'l Am. Ins. Co., 382 F.3d 546, 563 (5th Cir. 2004). As the Supreme Court observed in Daubert, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." 509 U.S. at 596. The Court finds that Defendant's concerns regarding the wage base on which Dr. Rice based his opinions and the academic testing scores on which Mr. Meunier based his opinions should be handled through cross-examination and the presentation of contrary evidence, not exclusion. See Morris v. Liberty Mut. Ins. Co., No. 08-4247, 2011 WL 317741, at *2 (E.D. La. Jan. 31, 2011).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion is Limine to Exclude the Report and Testimony of Plaintiff's Proposed Marine Safety Expert, David Cole **(Rec. Doc. 94)** is **GRANTED**.

7

**IT IS FURTHER ORDERED** that the report and testimony of Defendant's expert, Captain Timmy Anselmi, is also excluded.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude the Report and Testimony of Plaintiff's Proposed Expert Economist, Dr. Randolph Rice **(Rec. Doc. 95)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude the Report and Testimony of Plaintiff's Proposed Vocational Rehabilitation Expert, Mr. Thomas Meunier **(Rec. Doc. 96)** is **DENIED.**

New Orleans, Louisiana this 10th day of July, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE